[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{¶ 2} Appellant Cheryl L. Hatter and appellee Saleh Antton Hatter were married. During their marriage they had one child, a son. (We refer to the Hatters individually by their first names because they share the same surname.) The Hatters divorced and agreed to a shared-parenting plan that was adopted by the trial court and incorporated into the divorce decree. Soon afterward, there were visitation problems. Cheryl expressed fear that Saleh would kidnap their child and take him to Jordan, Saleh's native country. The trial court took precautions to address her fears. Cheryl was also concerned that Saleh's brother had sexually abused their son. The trial court found this fear not credible, and that it was merely a means for keeping the child away from his father. Concerns were raised about Cheryl's emotional stability and drug use. The trial court ordered a parenting investigation, a separate custody investigation, and drug screening of Cheryl. It also appointed a guardian ad litem. Saleh moved for a reallocation of parental rights without first seeking the mediation as allegedly provided by the shared-parenting plan. The trial court, in addition to Saleh's motion, proceeded on its own motion under R.C.3109.04(E)(2)(c) to determine whether it was in the best interest of the child to continue with the shared-parenting plan. After two days of testimony and a review of the reports from the investigations, the trial court, considering the factors under R.C. 3109.04(F)(1) and (2), concluded that a shared- parenting arrangement was not in the best interest of the Hatters' child and designated Saleh the residential and custodial parent.
{¶ 3} Cheryl appeals the trial court's decision to terminate the shared-parenting order and to reallocate parental rights. She raises two assignments of error. In her first assignment, she asserts that the trial court erred as a matter of law when it failed to enforce the mediation provisions in the shared-parenting order. In her second assignment, Cheryl contends that the trial court abused its discretion when it terminated the shared-parenting order and reallocated parental rights.
{¶ 4} The parents have had a contentious relationship, before and following their divorce. Unfortunately, their child has been a victim of the animosity they have had for each other. But the record also demonstrates that both parents love their son. The trial court has been involved with this family and their difficulties for a significant period of time. While the initial impetus for the court's actions may have been Saleh's motion, the court's entry and the hearing transcript clearly demonstrate that it was proceeding on its own in deciding to terminate the shared- parenting agreement. Although the shared-parenting order required that the parties seek mediation before terminating the agreement, it did not forbid the trial court from acting on its own, as it did in this case, when it was concerned with the best interest of the child. We overrule Cheryl's first assignment.
{¶ 5} Cheryl's second assignment asserts that, before terminating the shared-parenting order, the trial court had to find a change in circumstances. We note that while some courts have held that R.C.3109.04(E)(2) is subordinate to R.C. 3109.04(E)(1)(a),[1] we agree with those courts that have held that, under R.C. 3109.04(E)(2)(c), the trial court is not required to find a change of circumstances before it terminates a shared-parenting plan.[2] The statute concerning modification of a shared-parenting plan, R.C. 3109.04(E)(1)(a), and the statute concerning the termination of a shared- parenting plan, R.C.3109.04(E)(2)(c), are independent of each other.[3] If a shared-parenting plan is terminated, the trial court need not find a change in circumstances, but only that the shared-parenting plan is not in the best interest of the child. When terminating a shared-parenting plan, the court then determines custody ab initio under the standards provided in R.C. 3109.04(F)(1) and (F)(2), and R.C. 3119.23.
{¶ 6} Further, having reviewed the record, we conclude that there is competent and credible evidence to support the trial court's decision that it was in the best interest of the Hatters' child to terminate the shared-parenting agreement and to designate Saleh the residential parent. Thus, we overrule Cheryl's second assignment.
{¶ 7} Therefore, the judgment of the trial court is affirmed.
{¶ 8} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Gorman and Sundermann, JJ.
[1] See Oliver v. Arras, 5th Dist. No. 2001 AP 11 0105, 2002-Ohio-1590; Stout v. Stout, 3rd Dist. No. 14-01-19, 2001-Ohio-2293.
[2] See Massengill v. Massengill (Mar. 23, 2001), 2nd Dist. No. 18610;Gambrell v. Gambrell (Jan. 31, 2000), 12th Dist. No. CA99-04-011; Milnerv. Milner (Dec. 14, 1999), 10th Dist. No. 99AP-13.
[3] Accord In re Brazile, 1st Dist. No. C-010694, 2002-Ohio-6652, ¶ 19.